## STATE OF FLORIDA v BERKSHIRE
### Case No. 89-0071 AC (A) 02
Fifteenth Judicial Circuit, Palm Beach County

July 31, 1990

### APPEARANCES OF COUNSEL

**David Bludworth, Esquire,** State Attorney and **Robert S. Jaegers, Esquire,** Assistant State Attorney, for appellant.

**Richard Jordanby, Esquire,** Public Defender and **Ellen Morris, Esquire,** Assistant Public Defender, for appellee.

Before CARLISLE, COLBATH, WENNETT, JJ., concur.

### OPINION OF THE COURT

PER CURIAM.

The State appeals an order of the trial court granting appellee's motion to dismiss. The facts are undisputed. Appellee was arrested on August 5, 1989, for driving with a suspended license in the parking lot of the Boca Raton shopping mall in violation of section 322.34, Florida Statutes (1989). The trial court found that shopping mall parking lots are not included in areas proscribed from driving with a suspended license. We reverse.

At the time of appellee's violation the definition of "street or highway" was as follows:

[T]he entire width between the boundary lines of a way or place if any part of that way or place is open to public use for purposes of vehicular traffic.

Section 322.01(38), Florida Statutes (1989). An analysis of whether this definition encompasses shopping mall parking lots is best accomplished by a historical discussion.

In 1977 the definition of "street or highway" in Chapter 322 was:

The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel.

Section 322.01(10), Florida Statutes. In 1977 William Holzinger was caught driving a motor vehicle in the Boca Raton Mall while his license was suspended and charged with violating F.S. 322.34. In an order granting a motion to dismiss, Judge Hurley, then a county court judge, found that the statute only proscribed driving on a way "publicly maintained". Judge Hurley directed the State to address their compelling concern for an extension of the traffic control laws into "privately maintained parking facilities" to the legislature and not to the court. *State v Holzinger,* 46 Fla.Supp. 1 (Fla. Palm Beach Cty. Ct. 1977)

A memorandum from Jerry R. Parker, Administrative County Judge, to the Pinellas County Legislative Delegation on February 5, 1981, discussed the necessity of amending old statutes and adopting new statutes. One of his concerns was that the legislature, whether intentional or not, had restricted all driver's license violations to actually defined streets and highways as defined by Florida Statutes, Chapter 316. His opinion was that no juvenile or adult without a driver's license, and no one driving with a suspended license could be cited or arrested for that offense if they were driving on any private property, including all shopping center parking lots and any other areas not specifically defined as a street or highway. Parker suggested that the legislature substitute the language in Chapter 316, § 316.003(54) into Chapter 322, § 322.01(10).

The legislature responded with HB 431 and SB 1052. Senate Bill 1052 specifically states that the definition of "street or highway" in Chapter 316 includes privately-maintained places open to the public for vehicular traffic. They thus reasoned that the proposed change would require a driver's license for the operation of a vehicle everywhere state traffic laws are applicable, including shopping mall parking areas.

84

Chapter 81-188, section 1, Laws of Florida amended the definition of "street or highway" at section 322.01(10) by deleting the requirement that the way be publicly maintained and expanded the definition to include every way or place of whatever nature.

> The entire width between the boundary lines of every way or place of whatever nature when any part thereof is open to the use of the public for purposes of vehicular travel.

Section 322.01(10), Florida Statutes (1981). This definition, which was almost identical to the definition in 316.003(54) (Chapter 316 used the words "vehicular traffic"), continued until July 5, 1989, when it was amended and moved to 322.01(38). It was exactly one month after the last amendment that appellee was arrested.

The question is whether the 1989 amendment which deleted the words "every" and "of whatever nature", substituted the word "if" for the word "when" and substituted the words "of that way or place" for "thereof" had the effect of excluding privately-maintained placed open to the public for vehicular traffic. The amendment also changed the wording of "open for the use of the public for purposes of vehicular travel" to "open to public use for purposes of vehicular traffic." Chapter 89-282, section 3, Laws of Florida. The amendments clearly simplified the definition of "street or highway", but it cannot be said they reversed the legislature's intent to require a driver's license for the operation of a vehicle everywhere state traffic laws are applicable.

In the instant case, the trial judge found it interesting that, in 1987, the legislature amended Chapter 316 but not Chapter 322. He stated that he therefore was bound to follow cases that previously construed "that" Chapter.

This same issue was considered by the Ninth Judicial Circuit in *Reynolds v State,* 20 Fla.Supp.2d 109 (Fla. 9th Cir. Ct. 1986). The Court there, in construing section 322.01(10), stated that "[t]he Legislature could have just as easily amended the Statute from 'way or place of whatever nature' to 'every way or place both public and private.' " *Id.* at 110. That court went on to say that since this was not done there was no clear intent to encompass private property. *Id.* As proven, that conclusion was wrong in so far as privately-maintained places open to the public for vehicular traffic is concerned.

The State argued that if the trial judge though Chapter 322 was ambiguous, then he should look to Chapter 316 because shopping mall parking lots clearly were included under Section 316.003(53)(b). Section 316.003(54) had been amended and moved to 316.003(53) and was

now written in more detail. Appellant's counsel argued that none of the specific and detailed references in 316 mentioned shopping malls. This Court, however, interprets the above quoted section as broad enough to cover the facts in this case.

Section 316.002 provides that the legislative intent in the adoption of this chapter is to make uniform traffic laws apply throughout the state, and the legislature's intent in amending Chapter 322 was to include privately-maintained places open to public vehicular travel subject to state traffic laws. In accordance with the foregoing, this case is reversed and remanded for proceedings consistent with this Court's opinion.

CARLISLE, COLBATH and WENNETT, JJ., concur.